In the Matter of DONALD NUCKEL, as Administrator of the Estate of JAMES NUCKEL, Deceased, Respondent, v RAYMOND W. GILTNER et al., Constituting the Board of Assessment Review for the Town of Nichols, et al., Appellants. (And Another Related Proceeding.)—Kane, J. P.

Petitioner commenced a proceeding pursuant to Real Property Tax Law article 7 to challenge the assessed valuation of real property owned by petitioner for the tax status day, 1980 (proceeding No. 1). Subsequently, on June 21, 1983, petitioner filed a note of issue and statement of readiness with regard to

proceeding No. 1. Shortly thereafter, petitioner commenced a proceeding under Real Property Tax Law article 7 to challenge the assessed valuation of the real property owned by petitioner for the tax status day, 1983 (proceeding No. 2). On May 21, 1984, proceeding No. 1 appeared on the Trial Calendar, at which time the parties agreed that since proceeding No. 1 and proceeding No. 2 had common issues, they should be tried together. The parties' stipulation, which was incorporated in an order by Trial Term, provided, *inter alia,* that:

"ORDERED, that [proceeding No. 1 and proceeding No. 2] be, and the same hereby are joined for trial, and it is further

"ORDERED, that the Note of Issue filed with the Clerk of this Court in [proceeding No. 1] on the 21st day of June, 1983, be, and the same hereby is vacated and [proceeding No. 1] is hereby stricken from the calendar of the Court, and it is further

"ORDERED, *that the joined actions may be restored to the calendar in the present position of [proceeding] No. 1 * * * at any time within one year upon completion of pretrial discovery in [proceeding] No. 2 * * *,* and it is further

"ORDERED, that [proceeding] No. 1 shall not be deemed to have been abandoned and the provisions of RPTL Section 718 shall not take effect with regard to it" (emphasis supplied).

By notice of motion dated November 8, 1985, petitioner moved to restore the above proceedings to the Trial Calendar. Over respondents' objection with respect to proceeding No. 1, Special Term granted petitioner's motion. This appeal ensued.

In light of the above-quoted order, we agree with Special Term's resolution of this motion. The record indicates that petitioner never intended to abandon proceeding No. 1. In fact, respondents concede that proceeding No. 2 is still viable and, we note, proceeding No. 1 is joined with proceeding No. 2. Further, a letter from respondents' attorney, dated September 29, 1985, indicates that there is a question as to whether pretrial discovery with respect to proceeding No. 2 was complete as of that date. Finally, we note that respondents concede that petitioners have demonstrated the merit of proceeding No. 1. Consequently, we affirm *(see,* Siegel, NY Prac § 376, at 483-485).

Order affirmed, with costs. Kane, J. P., Main, Casey, Mikoll and Harvey, JJ., concur.